UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CODY M. ECKISS,

    Plaintiff,

    v.

MIAMI CORRECTIONAL FACILITY,
et al.,

    Defendants.

CAUSE NO.: 3:19-CV-530-RLM-MGG

OPINION AND ORDER

Cody M. Eckiss, a prisoner without a lawyer, filed a complaint alleging that he was subjected to excessive force. A court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A.A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Eckiss is confined at the Westville Correctional Facility. He has sued the Miami Correctional Facility, Major Powell, and Warden Hyatte for injunctive relief and monetary damages for events that occurred while he was housed at the Miami Correctional Facility. These are the facts he alleges: Mr. Eckiss was placed in waist chains and leg irons on April 16, 2019, at approximately 11:17 A.M. after throwing liquid out of his cell door. He taken to a completely empty

cell, where Major Powell told him that he was "going to break [him] like a dog." Major Powell directed the captains and lieutenants on duty to prevent him from sleeping and to keep him chained up until he ordered otherwise. Mr. Eckiss was sprayed with pepper spray five different times throughout the night to keep him awake. He was also extracted from his cell and beaten twice. Mr. Eckiss began throwing up blood, and his glasses were broken. In the morning, Major Powell laughed at Mr. Eckiss and asked whether he had had a good night. When Mr. Eckiss responded with, "go fuck yourself," Major Powell laughed again and told him he was going to ensure he remained locked up for the rest of the day. Mr. Eckiss was released from the waist chains and leg irons at approximately 5:45 P.M. on April 17, 2019. During the approximately 31 hours or so he remained chained in the empty cell, he wasn't allowed to eat or sleep. This is what Mr. Eckiss says happened and, with no other allegations before it, the court accepts them as true for purpose of this review of the complaint.

Mr. Eckiss asserts that the defendants subjected him to excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* While there is no general *respondeat superior* liability under 42 U.S.C. § 1983, supervisors can be held liable when they "know

about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." Jones v. City of Chicago, 856 F.2d 985, 992 (7th Cir. 1988).

Mr. Eckiss alleges that Major Powell facilitated, approved, and/or condoned the use of force that went far beyond what was required to restore discipline when he directed the officers to keep Mr. Eckiss awake and they did so by spraying him with pepper spray five times and beating him twice throughout the night. Giving Mr. Eckiss the inferences to which he is entitled at this stage, he alleges a plausible claim against Major Powell in his individual capacity for directing the use of excessive force against him in violation of the Eighth Amendment. He hasn't alleged that Warden Hyatte had any personal involvement at all, and Warden Hyatte can't be held liable simply because he oversees the operations of the prison or supervises other correctional officers. Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009).

Mr. Eckiss also seeks injunctive relief. He asks the court to transfer him out of the custody of the Indiana Department of Correction back to a county jail, and he requests that Warden Hyatte, Major Powell, and the officers involved in the incident be fired. Mr. Eckiss misunderstands the court's equitable powers. The Prison Litigation Reform Act (PLRA) limits the court's authority to enter an injunction in the corrections context, and injunctive relief must be "narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." Westefer v. Neal, 682 F.3d 679, 683 (7th Cir. 2012) (quotation

marks, brackets, and citations omitted). "Prison officials have broad administrative and discretionary authority over the institutions they manage." *Id*. (citation and brackets omitted). Granting Mr. Eckiss the injunctive relief he requests would run afoul of the PLRA.

Finally, Mr. Eckiss has sued the Miami Correctional Facility. The Miami Correctional Facility is a building, not a person or even a policy-making unit of government that can be sued pursuant to Title 42 U.S.C. 1983. Smith v. Knox Cty. Jail, 666 F.3d 1037, 1040 (7th Cir. 2012). Mr. Eckiss hasn't stated a claim against the Miami Correctional Facility.

For these reasons, the court:

(1) GRANTS Cody M. Eckiss leave to proceed against Major Powell in his individual capacity for compensatory damages for condoning, facilitating, and/or approving the use of excessive force against him on April 16–17, 2019, when he directed the officers to keep Mr. Eckiss awake and they did so by spraying him with pepper spray five times and beating him twice throughout the night in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Warden Hyatte and the Miami Correctional Facility;

(4) DIRECTS the clerk and the United States Marshals Service, as required by 28 U.S.C. § 1915(d), to issue and serve process at the Indiana Department of Correction on Major Powell with a copy of this order and the complaint (ECF 2); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Major Powell to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 24, 2019

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT